UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                   Case No. 03-10501-WRS
                                                        Chapter 7
COLLINS SIGNS INC.,

    Debtor

SUSAN SHIROCK DEPAOLA, TRUSTEE,

    Plaintiff                                           Adv. Pro. No. 04-1135-WRS

v.

BUNKER PLASTICS,

    Defendant

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motion of Defendant Bunker Plastics, Inc., to dismiss the Plaintiff's complaint for insufficiency of service of process. See, Rule 12(b)(5), Fed. R. Civ. P., made applicable to Adversary Proceedings pursuant to Rule 7012(b), Fed. R. Bankr. P. (Doc. 7). The Plaintiff has filed a response. (Doc. 10).

A summons was issued by the Clerk in this Adversary Proceeding on September 29, 2004. (Doc. 3). Plaintiff promptly filed a Certificate of Service that indicates that service was attempted on September 29, 2004, as follows:

"Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to: Bunker Plastics, Post Office Box 113417, Carrollton, Texas 75011-3411." (Doc. 4).

Defendant Bunker Plastics contends that service of process was insufficient because process was not mailed to "the attention of an officer, a managing agent or general agent, or to

any other agent authorized by appointment or by law to receive service of process." Rule 7004(b)(3).[1] Bunkers Plastics is correct in that service of process in this instance is not in compliance with the requirements of Rule 7004(b)(3).

The Trustee, in her memorandum, does not argue that service was proper under Bankruptcy Rule 7004(b)(3). Rather, she argues that service of process is proper under Alabama law.[2] Rule 4(c)(6), Ala. Rules Civ. P., provides that a corporation may be served as follows:

> Upon a domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association, by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.

There are two problems with the Trustee's argument. First, Alabama Rule 4(c)(6), like Bankruptcy Rule 7004(c)(3), requires service upon a human being of some description. Second, The Alabama Rules, unlike the Bankruptcy Rules, do not provide for service by first-class mail. The Alabama Rules require service by a process server or by certified mail. Rule 4(i), Ala. Rules Civ. P. As service of process was attempted by the Plaintiff in this Adversary Proceeding by first- class mail, and not by a process server or by certified mail, the Plaintiff's claim that service was proper as a matter of Alabama law is without merit. As service of process is not proper under either the Bankruptcy Rules or the Alabama Rules of Civil Procedure, the Defendant's

---

[1] Service of process may be made by first-class mail "(U)pon a domestic or foreign corporation . . . by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment, or by law to receive service of process. Rule 7004(b)(3), Fed. R. Bankr. P.

[2] Service of process may be made in accordance with State law. See, Rules 4(h)(1), (e)(1), Fed. R. Civ. P., made applicable to Adversary Proceedings pursuant to Rule 7004(a), Fed. R. Bankr. P.

2

motion to dismiss for insufficiency of service of process will be granted by way of a separate order.

Done this 16th day of November, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Lance C. Travis, Attorney for Defendant
R. Scott Williams, Attorney for Plaintiff